**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HWA SUNG SIM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONICA DURAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01051-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Hwa Sung Sim is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to United States Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

Currently before the Court is Plaintiff's complaint, filed July 21, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen Plaintiff's first amended complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Walmart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names correctional officers Duran, Masi, S. Hanzel, B. Chambers, J. Silva, J. Stegall, Arellano, Ayala, correctional sergeants Garza and Venegas, correctional lieutenant Figueroa, Registered Nurse De La Cruz, Doctor Johal, CCPOA Representative J. Bridges, and John Doe, as Defendants.

On August 31, 2014, correctional officer M. Duran shot Plaintiff on the top left side of his head with a rubber bullet in the chow hall. There was a fight involving Hispanic inmates and Plaintiff was not involved in the fight. Plaintiff was approximately twenty feet away and seated on the ground when he shot. Plaintiff suffered a concussion, internal bleeding of a brain, and required six staples. Plaintiff was taken to the medical facility and was released hours later without a CAT scan or a mandatory 24-hour evaluation. Plaintiff was returned to Wasco State Prison and back to his cell with a couple Ibuprofens. The next morning, Plaintiff woke up with a large amount of blood and vomit on his bed. Plaintiff was admitted to the hospital for a CAT scan and MRI on September 1, 2014. After being released from the hospital, Plaintiff received no medical treatment from the medical staff at Wasco State Prison for ten days. During the ten days, Plaintiff turned in several medical forms and

asked several officers for evaluation by a doctor. When Plaintiff finally went to medical, he complained of dizziness, nausea and vomiting. The doctor told Plaintiff he was lying and making a big deal. He was taunted, teased and harassed by officers.

On October 5, 2014, Plaintiff had a seizure in the dayroom of his building. Plaintiff was admitted to the hospital.

In March 2015, Plaintiff blacked out in the central kitchen, and was again admitted to the hospital. Plaintiff had no history of seizures or black-outs prior to the incident. After the incident, Plaintiff has tried several medications which have not helped.

Plaintiff contends that officer Duran is responsible for Plaintiff's pain and suffering, other officers are liable for covering up, lying and harassing plaintiff, and the supervisors are responsible for their lack of training. All doctors, nurses and supervisors at Wasco State Prison should be held accountable for not providing Plaintiff proper medical attention. Kern Medical Doctor and supervisor need to be held accountable for releasing Plaintiff back to prison without a 24-hour observation, CAT scan, and MRI after his serious head trauma.

Plaintiff requests financial compensation for his pain and suffering.

## III.

## DISCUSSION

**A.     Linkage Under Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff names several Defendants but fails to link them to any affirmative act or omission giving rise to the alleged constitutional violations.

**B.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted."  Whitley v. Albers, 475 U.S. 312, 321 (1986).  Although the extent of the injury is relevant, the inmate does not need to sustain serious injury.  Hudson, 503 U.S. at 7; Wilkins, 559 U.S. at 37-38.  The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force.  Hudson, 503 U.S. at 9-10.

Although Plaintiff claims that he was shot and injured by a rubber bullet during a fight involving Hispanic inmates (not Plaintiff) in the chow hall, Plaintiff fails to set forth sufficient factual detail surrounding the use of the force.  Plaintiff states only that he was approximately twenty feet away from the fight and was seated on the ground when he was shot.  Plaintiff does not provide what if any reasons were given by Duran for her actions, whether Defendant Duran engaged in other conduct to defuse the use of force, or why Plaintiff believes the use of force was excessive given the ongoing riot.  While Plaintiff may be able to state a cognizable claim for excessive force, the facts as

4

alleged fail to give rise to a plausible inference that the actions of officer Duran were malicious and sadistic for the purpose of causing harm to Plaintiff.  See, e.g., Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) ("Whether in the context of a prison-wide disturbance or an individual confrontation between an officer and a prisoner, corrections officers often must act immediately and emphatically to defuse a potentially explosive situation.").   Accordingly, Plaintiff will be given leave to amend this claim.

### C.   Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard

of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's allegations fail to give rise to a cognizable claim for deliberate indifference. Plaintiff's allegation that he was not provided a CAT scan, MRI, or 24-hour evaluation, fail to give rise to a cognizable claim for deliberate indifference, as such allegations merely demonstrate a disagreement with his medical treatment. Simply not receiving a certain test or maintained at a facility for a certain period of time does not state a constitutional claim against medical staff members. Plaintiff has not alleged any Defendant knew he needed an MRI or CAT scan, yet intentionally failed to do so with the knowledge that it would cause Plaintiff serious medical harm. Plaintiff also fails to link any individual Defendant to the specific role in which he/she played in Plaintiff's treatment or lack thereof. Indeed, Plaintiff admits that he was provided numerous medications but all failed to help him. While Plaintiff's claim that a "doctor" told him he was lying and making a big deal of his symptoms may give rise to a cognizable claim, Plaintiff must name the "doctor" if known, identify the individual as a "Doe" defendant, or provide the doctor's title and place of employment. Accordingly, Plaintiff fails to state a cognizable Eighth Amendment claim and leave to amend will be granted.

### D.     Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's claim that certain supervisory individuals failed to train and/or supervise fails to give rise to a cognizable claim for relief. A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton, Ohio v. Harris, 489 U.S. 378, 387-90 (1989) (A failure to train or supervise may satisfy this criteria if, "in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of the constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.") However, "[t]he cases in which supervisors have been held liable under a failure to train/supervise theory involve conscious choices made with full knowledge that a problem existed." Wardell v. Nollette, No C05-0741RSL, 2006 WL 1075220, at *3 (W.D. Wash. Apr. 20, 2006) (collecting cases); see also Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003) (to impose liability for supervisor's failure to train, "a plaintiff must usually demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation."). Also, the identified training deficiency must be casually connected to the ultimate injury. City of Canton, 489 U.S. at 391. Plaintiff's claim for supervisory liability is devoid of factual support and fails to give rise to a constitutional violation.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 21, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 19, 2016**

UNITED STATES MAGISTRATE JUDGE

8