IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **HWA SUNG SIM,** <br><br> Plaintiff, <br><br> v. <br><br> **MONICA DURAN, et al.,** <br><br> Defendants. | Case No. 1:16-cv-01051 SAB (PC) <br><br> **STIPULATED PROTECTIVE ORDER** |

**I.　C**ONFIDENTIAL **M**ATERIAL **S**UBJECT TO **T**HIS **P**ROTECTIVE **O**RDER

　　Plaintiff Hwa Sung Sim alleges that Defendant Duran used excessive force against him, in violation of the Eighth Amendment, on August 31, 2014, at Wasco State Prison. Sim also alleges that Defendant Johal acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, following the incident on August 31, 2014. These claims were investigated by California Department of Corrections and Rehabilitation (CDCR) personnel who prepared confidential reports documenting the results of the investigation.

///

///

///

1

In the course of investigating and responding to Sim's discovery responses, Defendants' counsel came into possession of the following responsive records:

- First Level Review package for incident WSP-FAY-14-08-0423;
- Second Level Review package for incident WSP-FAY-14-08-0423;
- Incident Closure package for incident WSP-FAY-14-08-0423;
- Director's Executive Review Committee package for incident WSP-FAY-14-08-0423; and
- Confidential staff investigation portion of grievance number WSP-A-14-03653.

## II. NEED FOR A COURT ORDER

Defendants, CDCR, and California Correctional Health Care Services (CCHCS) contend that the investigative reports are protected by qualified privilege as official information under federal common law, and, in California, the material is confidential under state statutes and regulations. Defendants, CDCR, and CCHCS also contend that the unprotected disclosure of these documents could cause individuals to be less willing to cooperate in confidential investigations, jeopardize the safety and security of inmates and staff, and decrease the efficacy of such investigations. Sim demands production of these documents over Defendants' objections.

Counsel for both Sim and Defendants met and conferred regarding the dispute. Since CDCR and CCHCS are not parties to this litigation, a private agreement among the parties is not sufficient to protect the interests of CDCR or CCHCS in maintaining the confidentiality of these investigative documents. Nonetheless, because of the potential relevance of the documents to this action, the parties now stipulate that the production of the confidential documents is appropriate but subject to a protective order under the following conditions:

## III. CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL

The Court orders the following to protect the confidentiality of the documents described above:

1. The provisions of this Protective Order apply to the confidential records and information ("confidential material") designated by Defendants and/or CDCR as "Confidential,"

///

listed above.  This Protective Order arises from an agreement between the parties to resolve the issues relating to the disclosure of the documents listed above under the following terms.

2. The confidential material may be disclosed only to the following persons:

    (a) Plaintiff Sim's retained attorney(s) of record;

    (b) Paralegal, clerical, and secretarial personnel regularly employed by counsel for Sim, Defendants, CDCR, and CCHCS, who are necessary to aid Sim, Defendants, CDCR, and CCHCS in the litigation of this matter;

    (c) Court personnel and stenographic reporters necessarily involved in these proceedings;

    (d) Any outside expert or consultant retained by counsel for Sim, Defendants, CDCR, and CCHCS for purposes of this litigation; and

    (e) Non-inmate witnesses to whom the confidential material may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition or preparation with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order.

3. None of the confidential material or information contained within the confidential material shall be shown to Sim, or shown to, discussed with, or disclosed in any other manner to any other inmate or former inmate, any parolee or former parolee, or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants, CDCR, and CCHCS, who maintain possession and control over the original confidential material.

4. No person who has access to the confidential material, as set forth in paragraph 2, shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter.  Any copies made for such purpose will be subject to this order.  A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material,

and that individual must agree in writing to comply with this order. Plaintiff's counsel shall maintain a record of all persons to whom access to the confidential material has been provided. The Court and counsel for Defendants, CCHCS and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

5. Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential material, shall be submitted on purple or pink paper, filed under seal, labeled with a cover sheet bearing the case name and number and the statement: "This document is subject to a Protective Order issued by the Court and may not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel of record for the parties. If any party fails to file confidential material in accordance with this paragraph, any party may request that the Court place the filing under seal.

6. Within sixty days after the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Sim shall destroy all confidential materials and all copies of such material in counsel's possession, or return such materials to counsel for Defendants.

7. When counsel for Sim returns or destroys the confidential material, they shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed.

8. All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

9. Nothing in this Protective Order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access to in the normal course of their official duties.

10. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

///

4

11. The provisions of this Protective Order are without prejudice to the right of any party:

    (a)    To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

    (b)    To apply to the Court for an order removing the confidential material designation from any documents;

    (c)    To object to a discovery request.

12. The provisions of this order shall remain in effect until further order of this Court.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: November 30, 2017

*/s/ Kevin S. Conlogue*
*(as authorized on 11/30/2017)*
Kevin S. Conlogue
Law Office of Kevin S. Conlogue
*Attorney for Plaintiff Hwa Sung Sim*

Dated: December 1, 2017

*/s/ David C. Goodwin*
DAVID C. GOODWIN
Deputy Attorney General
*Attorney for Defendants Duran and Johal*

**ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The protective order is entered;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

*///*

*///*

*///*

*///*

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: __**December 4, 2017**__

UNITED STATES MAGISTRATE JUDGE