UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HWA SUNG SIM,<br><br>  Plaintiff,<br><br>  v.<br><br>MONICA DURAN, et al.,<br><br>  Defendants. | No. 1:16-cv-01051-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 22) |

Plaintiff Hwa Sung Sim is appearing *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction on August 15, 2016. (Doc. No. 5.) To date, defendants have not consented or declined to United States magistrate judge jurisdiction.

On March 20, 2017, the assigned magistrate judge screened plaintiff's first amended complaint and found that it stated a cognizable claim against defendant Duran for excessive use of force and against Dr. Johal for deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment. (Doc. No. 10.) However, the magistrate judge found that plaintiff failed to state any other cognizable claim against any other defendants. (*Id.*) Plaintiff was directed to either file a second amended complaint or notify the magistrate judge of his intent to proceed only on the claims found to be cognizable. (*Id.*)

/////

On April 6, 2017, plaintiff notified the magistrate judge of his intent to proceed only on the claims found to be cognizable. (Doc. No. 11.) Therefore, on April 7, 2017, the magistrate judge found that service was appropriate as to plaintiff's claims against defendant Duran for excessive use of force and against Dr. Johal for deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment. (Doc. No. 12.) The magistrate judge dismissed all other claims and defendants for failure to state a cognizable claim for relief. (*Id*.) The magistrate judge indicated that jurisdiction existed under 28 U.S.C. § 636(c) to do so by order based on the fact that plaintiff had consented to magistrate judge jurisdiction and no other parties had yet appeared. (*Id*.)

However, on November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the magistrate judge did not have jurisdiction to dismiss the above-described claims by way of the April 7, 2017 order. Therefore, on December 1, 2017, the magistrate judge issued findings and recommendations recommending this action proceed on plaintiff's claims against defendant Duran for excessive use of force and against Dr. Johal for deliberate indifference to a serious medical need in violation of the Eighth Amendment and that all other claims and defendants be dismissed. (Doc. No. 22.) The findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. No objections were filed and the time period in which to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of the case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The December 1, 2017 findings and recommendations (Doc. No. 22) are adopted in full;
2. This action shall continue to proceed on plaintiff's claims against defendant Duran for excessive use of force and against Dr. Johal for deliberate indifference to plaintiff's

serious medical need in violation of the Eighth Amendment; and

3. All other claims and defendants are dismissed from the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **January 7, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE