| | |
|---|---|
| HWA SUNG SIM, | Case No. 1:16-cv-01051-DAD-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, AND DIRECTING CLERK OF COURT TO FILE SECOND AMENDED COMPLAINT ATTACHED AS EXHIBIT 1 TO MOTION TO AMEND |
| v. | |
| MONICA DURAN, et al., | |
| Defendants. | [ECF. No. 25] |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Hwa Sung Sim is appearing in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed December 29, 2017.

**I.**

**BACKGROUND**

This action is proceeding against Defendant Monica Duran for excessive force and against Defendant Dr. Johal for deliberate indifference to a serious medical need.

On July 31, 2017, Defendants filed an answer to the complaint. On August 1, 2017, the Court issued the discovery and scheduling order.

As previously stated, on December 29, 2017, Plaintiff filed a motion to amend the complaint. Defendants filed an opposition on January 19, 2018. Plaintiff did not file a reply. Therefore, the

1

motion is deemed submitted for review without oral argument. Local Rule 230(l). For the reasons discussed below, Plaintiff's motion to amend is granted.

## II.

## DISCUSSION

Plaintiff seeks leave to amend the complaint to identify and substitute Dr. Patel as a Doe Defendant. Plaintiff's proposed amended complaint is attached to his motion.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

Here, Defendants Duran and Johal answered the first amended complaint in this action on July 31, 2017. Plaintiff's second amended complaint was not filed within twenty-one days of that date. Therefore, Plaintiff requires leave of court to file an amended complaint.

Plaintiff filed the initial and first amended complaint pro se, and counsel did not appear until after service of the amended complaint was ordered. In the first amended complaint, Plaintiff alleged, that a riot took place on August 31, 2017 while he was housed at Wasco State Prison, and although Plaintiff was not involved in the riot he was shot by Defendant Duran. (First Amd. Compl. (FAC), at 7-8.) After the shooting, Plaintiff was taken to the medical facility and was released within hours. (FAC at 16.) Plaintiff was not provided a CT scan or a mandatory 24 hour evaluation even though he was rendered unconscious by the projectile. (Id.) The next morning, Plaintiff woke up with a large

amount of blood and vomit on his bed. (Id.) Plaintiff was admitted to the hospital for a CT-scan and MRI on September 1, 2014. (Id.) After release from the hospital, Plaintiff received no medical treatment from medical staff for approximately ten days. (Id.) During the ten days, Plaintiff submitted several medical forms requesting evaluation by a doctor. (Id.) When Plaintiff finally went to the medical department he complained of dizziness, nausea and vomiting; however, Dr. Johal and/or John Doe told Plaintiff he was lying and making a big thing out of nothing. (Id.) The doctor did not send Plaintiff to a specialist for his injuries. (Id.) On October 5, 2014, Plaintiff had a seizure in the dayroom of his building, and he was admitted to the hospital. (Id.) Prior to being shot in the head, Plaintiff did not have seizures and he has no prior history of seizures. (Id.) In March 2015, Plaintiff blacked out in the central kitchen where he worked. (Id.)

Defendants oppose Plaintiff's motion and argue that the proposed amendment is futile because the Court has already dismissed the claims against all Doe Defendants and he failed to timely identify Dr. Patel.

In its screening order, the Court construed Plaintiff's first amended complaint as alleging a claim of deliberate indifference against only Defendant Dr. Johal. However, upon further review and as set forth by Plaintiff, it is reasonable to interpret the claim to include a cognizable allegation of deliberate indifference against the Doe Defendant, now identified as Dr. Patel. In addition, although the Court has subsequently dismissed the Doe Defendants, such fact does not negate against a finding that the interest of justice is served by allowing Plaintiff the opportunity to amend the complaint to reinstate and identify a Doe Defendant, at this time.

Defendants contend that Plaintiff knew of the identity of Dr. Patel when he filed the original and first amended complaints because he was identified in Plaintiff's medical records.

Plaintiff submits that Defendant Dr. Johal was deposed on December 18, 2017, and it was discovered for the first time that Doctor Patel is the John Doe Doctor, and the only Doctor available to provide care for Plaintiff in September 2014.[1] (Conlogue Decl. ¶ 3.) Further, Plaintiff's counsel propounded a Request for Production of Documents to Defendants on September 11, 2017, and

---

[1] The Court notes that although Defendants were not required to provide initial disclosures, Plaintiff indicates initial disclosures were requested but denied which resulted in the necessity for formal discovery. (Conlogue Decl. ¶ 5.)

3

Defendants provided responses with documents on October 26, 2017. (Conlogue Decl. ¶ 6.) Upon review of the documents, Plaintiff noticed the deposition of Defendant Johal so that Plaintiff's counsel could obtain a better understanding of the medical documents produced. (Conlogue Decl. ¶ 7.) The Court has reviewed Plaintiff's proposed second amended complaint, and finds that it simply substitutes Dr. Patel for the previously identified Doe Defendant in the first amended complaint, but does not seek to add any additional unrelated claims, allegations, or events. Thus, the notice provisions of Federal Rule of Civil Procedure 15(c) appear to be satisfied. The Court finds that Plaintiff does not seek leave to amend in bad faith. See Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006) ("A party 'demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'") (citing Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)). Plaintiff's motion to amend is timely; under the existing schedule, and discovery does not close until April 1, 2018.[2] Based on the fact that Plaintiff was pro se at the time the original and first amended complaints were filed,[3] the fact that counsel did not appear in the action until May 2017, and discovery did not open until August 2017, the Court finds Plaintiff's counsel exercised reasonable diligence in conducting his own investigation into identifying the appropriate Defendants. See DCD Programs, Ltd., 833 F.2d at 187-88 (the prejudice to a non-movant is mitigated if discovery is still open and there is no evidence the non-movant would be prejudiced by the timing of the proposed amendment). Thus, given the circumstances of this case, the Court finds that there was no undue delay in naming the Doe Defendant. Defendants have not made a sufficient showing to overcome the presumption in favor of granting leave to amend under Rule 15 in this instance. Accordingly, Plaintiff's motion for leave to amend the complaint will be granted.

///

///

---

[2] The time necessary for service and a response to the second amended complaint may require a schedule modification, but it is premature to address that matter now.

[3] See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting "Supreme Court precedent that instructs federal courts to liberally construe the "inartful pleading" of pro se litigants"); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (holding that pro se litigants should be treated with great leniency when evaluating compliance with the technical rules of civil procedure).

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is granted;

2. The Clerk of the Court will is directed to file Plaintiff's proposed second amended complaint, attached to the motion to amend (ECF No. 25);

3. The Clerk of Court is further DIRECTED to issue Plaintiff a summons for Defendant Dr. Patel; and

4. Plaintiff must complete service of process and file proof thereof with the Court within ninety days pursuant to Federal Rule of Civil Procedure 4(m), or request that the United States Marshal serve a copy of the summons and complaint.

IT IS SO ORDERED.

Dated: **February 7, 2018**

UNITED STATES MAGISTRATE JUDGE