UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HWA SUNG SIM,<br><br>    Plaintiff,<br><br>v.<br><br>MONICA DURAN, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01051-DAD-SAB (PC)<br><br>ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE REGARDING DEFENDANTS' INTERROGATORIES NUMBERS 4, 6, AND 7, AND DIRECTING PLAINTIFF TO PROVIDE SUPPLEMENTAL RESPONSES WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER |

Plaintiff Hwa Sung Sim is appearing in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 13, 2018, the Court held an informal telephonic discovery dispute regarding Defendants' interrogatories numbers 4, 6, and 7. Kevin Conlogue appeared on behalf of Plaintiff. David Goodwin, Jon Allin and Robert Perkins appeared on behalf of Defendants. The matter was not on the record, and at the conclusion of the matter the Court asked if either party requested anything to be put on the record and both responded no.

**I.**

**BACKGROUND**

This action is proceeding against Defendant Duran for excessive force by intentionally shooting Plaintiff in the head with a 40 mm projectile, and against Defendants Doctors Johal and Patel for deliberate indifference to his serious medical need after the incident.

1

Defendants served their first set of interrogatories and requests for production of documents on November 21, 2017. Plaintiff served objections and responses on December 22, 2017.

The parties dispute Defendant Johal's Interrogatory Number 4 seeking identification of the specific policies that Plaintiff contends Defendant Johal violated in the course of providing medical treatment. The parties also dispute Defendants Johal and Duran's Interrogatory Numbers 6 and 7 asking Plaintiff to identify all damages he attributes to each Defendant, and for each item of damages, the amount and how the amount was calculated.

Defendants seek an order compelling further responses. Plaintiff does not believe further responses are necessary.

## II.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37.

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon another party written interrogatories that relate to any matter that may be inquired into under Rule 26(b)(1) and (2). Fed. R. Civ. P. 33(a). The interrogatories must be answered by the party to whom they are

directed within thirty days after being served. Fed. R. Civ. P. 33(b). Any objection to the interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4). A party may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii).

### A. Defendant Johal's Interrogatory, Set One, Number 4

Defendants requested that Plaintiff "identify all California Correctional Health Care Services policies that he contends Defendant Johal violated." Plaintiff objected and stated, "Per Defendants' directive, the policies violated by Defendant Johal can be found at http://www.cphcs.ca.gov/ to the extent that the policies were in effect on the dates as alleged in Plaintiff's First Amended Complaint."

**Ruling:** Defendant's motion to compel a further response is granted. Any policy claimed to have been violated by Dr. Johal relates to the subjective element and may be probative of deliberate indifference under the Eighth Amendment. Thus, Plaintiff shall supplement his response to Interrogatory Number 4 to identify each and every policy in which he believes Defendant Dr. Johal violated in treating Plaintiff following the shooting.

### B. Defendants Johal and Duran's Interrogatories, Set One, Numbers 6 and 7

In Interrogatory Number 6, each Defendant requested that Plaintiff identify all damages he attributes to the Defendants. Plaintiff objected and stated that "[a]s a result of the incident, Plaintiff suffered a gunshot wound to the left side of his head, laceration, scar, concussion, seizures, blacking out, memory loss, sharp pains, temporary paralysis, insomnia, mental trauma, nausea, vomiting, extreme headaches, weakness, trouble walking, and pain and suffering, amongst other damages."

In Interrogatory Number 7, each Defendant requested that, for each item of damages identified, state the amount and how that amount was calculated. Plaintiff objected and stated that "Plaintiff hereby calculates his damages to include: special damages for any past medical treatment (no medical invoices have been received yet), and future medical treatment; special damages for loss of earnings; and, general damages for past and future pain and suffering. Plaintiff also seeks punitive damages from the individual Defendants, and attorney's fees and costs."

"Rule 26(a)'s purpose [is] to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" City and County of San Francisco v. Tutor-Saliba Corp, 218 F.R.D. 219, 221 (N.D. Cal. 2003). "Moreover, early

disclosure functions to assist the parties in focusing and prioritizing their organization of discovery."

(Id.) As noted in Tutor-Saliba,

> The meaning of 'category' of damages is not clear. Presumably, however, it requires more than merely the broad types of damages ("wrongful death," or "property damage," "bodily injury," etc.). To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required: For example, in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for "general" damages (pain, suffering or disfigurement) as well as "special" damages (medical bills, lost wages, cost of repairing damaged property, etc.).

Id. (citing Rutter Group, Fed. Civ. Proc. Before Trial § 11:166 (2001). Nonetheless, the "computation" of damages requires some analysis; "for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." Tutor-Saliba, 218 F.R.D. at 221 (citing Bullard v. Roadway Exp., 3 Fed.Appx. 418, 420 (6th Cir. 2001) (unpublished).

**Ruling:** Defendants' motion to compel a further response to Interrogatories Numbers 6 and 7 is granted. At the hearing, Plaintiff conceded that a supplement response as to special damages would be provided to include an itemization of each of the damages identified. With regard to general damages, Plaintiff is directed to provide an assessment of damages with sufficient detail as to the specific methodology and calculation so both parties can prepare for trial and/or make an informed decision about settlement. If Plaintiff does not have the necessary information at the present time, he should supplemental his response to so indicate. Both parties are cautioned and reminded of their continuing obligation to supplemental incomplete and/or incorrect responses in a *timely* manner. Fed. R. Civ. P. 26(e).

///
///
///
///
///
///
///
///

## III.
## ORDER

For the reasons set forth above, it is HEREBY ORDERED that within **thirty (30)** days from the date of service of this order, Plaintiff shall provide a supplemental response to Interrogatories, Set One, Numbers 4, 6, and 7.

IT IS SO ORDERED.

Dated: __**March 14, 2018**__

UNITED STATES MAGISTRATE JUDGE