Kevin S. Conlogue (SBN 285277)
(Kevin@LOKSC.com)
THE LAW OFFICE OF KEVIN S. CONLOGUE
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Telephone: (213) 255-8837
Facsimile:  (213) 477-2069

GABRIEL H. AVINA, ESQ./Cal. SBN 216099
(gabriel@avinalaw.com)
LAW OFFICES OF GABRIEL H. AVINA
3781 Cimarron Street
Los Angeles, California 90018
Telephone:  (323) 299-1664
Facsimile:   (323) 315-5227

Attorneys for Plaintiff
HWA SUNG SIM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HWA SUNG SIM,<br><br>   Plaintiff,<br><br>   v.<br><br>MONICA DURAN, DR. JOHAL,<br><br>   Defendants. | Case No.: 1:16-CV-01051-SAB(PC)<br><br>**PLAINTIFF'S MOTIONS IN LIMINE**<br><br>**Pretrial Conference**<br>**Date:**     **October 16, 2018**<br>**Time:**     **8:30 a.m.**<br>**Judge:**    **Stanley A. Boone**<br><br>**Trial**<br>**Date:**     **October 1, 2019**<br>**Time:**     **8:30 a.m.**<br>**Judge:**    **Stanley A. Boone** |

**TO THE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff HWA SUNG SIM ("Plaintiff") hereby respectfully submits his motions in limine on this matter:

## PLAINTIFF'S MOTION IN LIMINE NUMBER 1—EXCLUDE PLAINTIFF'S PRIOR CONVICTIONS & PAROLE VIOLATION

Plaintiff moves the Court in limine to exclude any evidence related to Plaintiff's November 25, 2009 DUI conviction, Plaintiff's August 23, 2010 possession of a deadly weapon conviction, Plaintiff's June 22, 2011 armed robbery conviction, and Plaintiff's December 2018 parole violation.  Allowing this evidence to be introduced at trial would be improper under the Federal Rules of Evidence because the convictions are irrelevant for a failure to protect claim under the Eighth Amendment, and are too remote in time, not relevant for truthfulness, and introduction of this evidence would be highly prejudicial.

Defendant has indicated that she intends to introduce evidence of Plaintiff's felony convictions for possession of a deadly weapon and armed robbery.

Because Plaintiff's claim is an Eighth Amendment excessive force claim, any prior conviction and parole violation of Plaintiff is not relevant.  Any prior conviction and parole violation could be relevant for Plaintiff's veracity only.

Federal Rule of Evidence 608 allows examination of a witness's specific instances of conduct "to be inquired into **if** they are probative of the character for truthfulness or untruthfulness of the witness."  Fed. R. Evid. rule 608(b) (emphasis added) (internal marks omitted).  Evidence of violence, possession of a deadly weapon, or a parole violation is not probative on Plaintiff's truthfulness and is inadmissible for impeachment purposes under Rule 608.  *See Gordon v. U.S.*, 383 F.2d 936, 940 (D.C. Cir. 1967) ("In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity."); *U.S. v. Estrada*, 430 F.3d 606, 614–15

(2d Cir. 2005) (providing that a witness' larceny conviction is not automatically admissible for impeachment as a crime of dishonesty).

More so, Plaintiff's earlier convictions occurred well over or close to ten years ago, and Defendant cannot meet her burden that the probative value of such evidence substantially outweighs its prejudicial effect. *See* FRE 609(b)(1). This remoteness in time is highly prejudicial, and no amount of probative value can substantially outweigh its prejudicial effect. *See* S.Rep. No. 1277, 93d Cong., 2d Sess., p. 15 (1974) (providing Congress intended that convictions over ten years old to be admitted "very rarely and in exceptional circumstances"); *see also U.S. v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993) (holding a conviction over ten years old is presumptively prejudicial); *U.S. v. Rodriguez-Garcia*, 983 F.2d 1563, 1571 (10th Cir. 1993) (stating a sixteen-year old conviction is too remote).

Any attempt by Defendant to introduce evidence of any prior conviction or arrest of Plaintiff would simply be to show general bad moral character, which is impermissible. *Wolcher v. U.S.*, 200 F.2d 493, 497-98 (9th Cir. 1952).

As such, any conviction, parole violation, and surrounding circumstances of Plaintiff is irrelevant, highly prejudicial, has no bearing on credibility, and inadmissible at trial. Plaintiff's prior convictions, parole violation, and surrounding circumstances should be excluded from evidence at trial.

## PLAINTIFF'S MOTION IN LIMINE NUMBER 2—EXCLUDE EVIDENCE OF ANY RULE VIOLATIONS OF PLAINTIFF WHILE INCARCERATED

During Plaintiff's deposition, Defendant's Counsel spent an exorbitant amount of time going over rule violations committed by Plaintiff while Plaintiff was incarcerated. This includes, but is not limited to:

- An August 15, 2012 violation for contraband in cell (Ex. 44 to Plaintiff's deposition)

- A January 2, 2014 violation for contraband in cell (Ex. 45 to Plaintiff's deposition)
- A February 14, 2014 violation for contraband in cell (Ex. 46 to Plaintiff's deposition)
- A March 11, 2014 violation for contraband in cell (Ex. 47 to Plaintiff's deposition)
- A March 19, 2014 violation for wrong bunk assignment (Ex. 48 to Plaintiff's deposition)
- An October 15, 2014 violation for a window cover on cell (Ex. 49 to Plaintiff's deposition)
- A June 30, 2015 violation of contraband in cell (Ex. 50 to Plaintiff's deposition)
- A September 9, 2015 violation of a new tattoo (Ex. 51 to Plaintiff's deposition)
- A February 27, 2016 violation of contraband in cell (Ex. 52 to Plaintiff's deposition)

Plaintiff seeks to exclude these violations from evidence at trial in this matter as they are wholly irrelevant to Plaintiff's Eight Amendment excessive force claim that occurred on August 31, 2014.

Defendant has agreed to not introduce these items into evidence at trial "except for impeachment if Sim misrepresents his conduct in prison." Plaintiff's conduct in prison, other than his conduct on August 31, 2014, is irrelevant for any aspect of his excessive force claim, so Plaintiff seeks to have these violations excluded from evidence at trial.

//

# PLAINTIFF'S MOTION IN LIMINE NUMBER 3—EXCLUDE EVIDENCE THAT OFFICER DURAN WAS OR WAS NOT DISCIPLINED FROM THE INCIDENT

Under 42 U.S.C. § 1983 precedent, whether an officer was disciplined after a use of force incident is relevant with a *Monell* claim only for allegations related to a failure to discipline. *See Price v. Sery*, 513 F.3d 962, 972 (9th Cir. 2008); *Wereb v. Maui Cnty.*, 727 F. Supp. 2d 898, 919 (D. Haw. 2010). Here, Plaintiff does not have a *Monell* claim for the subject incident. Whether Defendant Officer Duran used excessive force on the date of the incident is not dependent upon any subsequent discipline of Defendant, or lack thereof.

Long has the law been that the information known by an officer at the time of an incident is relevant for the actions taken by an officer. *Devenpleck v. Alford*, 543 U.S. 146, 152 (2004); *Maryland v. Pringle*, 540 U.S. 366, 371 (2003); *Beck v. Ohio*, 379 U.S. 89, 91 (1964). This is true when there is an allegation of excessive force. *Graham v. Connor*, 490 U.S. 386, 397 (1989). This knowledge is what is used to determine if an officer's action is reasonable when force is used. *Id.*; *see Devenpleck*, 543 U.S. at 152; *Beck v. Ohio*, 379 U.S. at 91.

The reasonableness of force used must be from the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015) (applying the prohibition of 20/20 hindsight to a pretrial detainee's claim of excessive force) (citing *Graham*, 490 U.S. at 396).

Any investigation into Defendant Officer Duran after the subject incident and any findings made, or lack thereof, are not relevant to Plaintiff's excessive force claim here.

Any discipline, or lack thereof, of Defendant Officer Duran should also be excluded under Federal Rule of Evidence 403 as it will cause unfair prejudice to

Plaintiff by having Defendant's own brotherhood determine her liability instead of a jury, and will confuse the issues and mislead the jury.

As such, the Court should exclude any evidence of Defendant Officer Duran being or not being disciplined from this incident.

## PLAINTIFF'S MOTION IN LIMINE NUMBER 4—EXCLUDE DEFENDANT'S EXPERT LT. PRENTICE FROM OFFERING OPINIONS AT TRIAL

Defendant disclosed Lt. Prentice as a non-retained expert to offer opinions at trial regarding liability. Lt. Prentice is an employee of the CDCR at the California State Prison in Sacramento, and he has never testified as an expert before.

As the Court and Parties well know, an expert may not base his or her opinion on speculation or conjecture. *General Elec. Co. v. Joiner*, 522 U.S. 136, 145 (1997). Additionally, an expert's opinion must be excluded if it is shown not to be reliable. *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-90 (1993); *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1422-23 (9th Cir. 1998) (excluding experts as unreliable when their opinions represented unsupported and untested conclusions).

With this specific case, Lt. Prentice has no independent knowledge of the facts surrounding the subject incident as he has never worked at Wasco State Prison, and he is offering opinions based on speculation and conjecture, and his opinions are not reliable.

For example, Lt. Prentice opines that "[i]t is entirely possible that Duran's 40mm round missed its intended target, ricocheted, and some part of it unintendedly struck Sim." Defendant Officer Duran testified at her deposition that she did not see the 40mm round ricochet, and all reports regarding this incident do not have a witness to the incident seeing a ricochet bullet. No fact or evidence exists for Lt. Prentice to formulate the opinion that there was a ricochet here, and his opinion on that matter is completely speculative and must be excluded.

Lt. Prentice also forms the opinion that "[t]he fact that Sim may have received a head injury during the incident does not necessarily mean that Officer Duran was aiming at his head." Lt. Prentice then goes on to speculate that Defendant Officer Duran "did not intentionally use any force." *See Woods v. Lecureux*, 110 F.3d 1215, 1221 (6th Cir. 1997) (excluding an expert witness from testifying in a Section 1983 prisoner's suit with respect to a correctional officer's state of mind as the expert has no personal knowledge on that topic). This is based wholly on conjecture as Lt. Prentice was not present on the date of the subject incident, and he never conducted an investigation into the incident. Simply, Lt. Prentice cannot offer any opinions as to Defendant Officer Duran intent or aiming her weapon to anywhere other than Plaintiff's head as there is no evidence of a ricochet, a defective gun, or other piece of evidence that allow Lt. Prentice to formulate that type of opinion.

Lastly, Lt. Prentice improperly opines that Defendant Officer Duran's use of force was not excessive. *See Wells v. Smith*, 778 F. Supp. 7, 8 (D. Md. 1991) (excluding expert testimony as to reasonableness of an officer's action, either abstractly or as applied, in an excessive force Section 1983 case).

As such, Lt. Prentice's opinions must be excluded at trial as detailed above.

## PLAINTIFF'S MOTION IN LIMINE NUMBER 5—INTRODUCE VIDEO INTERVIEWS OF PLAINTIFF BY THE CDCR INTO EVIDENCE AT TRIAL

As a result of Defendant's force used against Plaintiff, Plaintiff was interviewed on two occasions by CDCR officers regarding the incident.

On August 31, 2014, on the date of the incident, Correctional Sergeant Garza, #57474, interviewed Plaintiff regarding the incident and Plaintiff's injuries, and Plaintiff's traumatic brain injury is evident from Plaintiff's speech and mannerisms during the interview. On November 13, 2014, Plaintiff was interviewed again regarding the incident, his injuries, and blackout episodes.

Defendant agrees that these videos are authentic, but Defendant claims that these videos are inadmissible hearsay.

However, all three items of evidence are admissible under Federal Rule of Evidence ("FRE") Rule 803(6) as a business record, under FRE Rule 803(4) as a statement made for treatment, and under FRE Rule 803(3) as a then-existing mental, emotional, or physical condition.

FRE Rule 803(6) provides an exception to the hearsay rule for records kept in the course of a regularly conducted activity of a business or organization, making the record was a regular practice, and the record was made by someone with knowledge or received information. Here, the CDCR interviews victims of use of force incidents during the regular course of business and regular practice by recording videos, and a watch commander and others with knowledge of the force assist with the recording videos. As such, these videos are not hearsay.

Moreover, the two videos here are admissible at trial under FRE 803(4) because the statements are made for medical treatment. On the same date of the subject incident, Plaintiff was interviewed regarding his injuries, and after Plaintiff's blackout episodes, Plaintiff was interviewed again. As such, the videos are admissible because the purpose of the videos is for medical treatment. Similarly, statements made by Plaintiff in the videos are admissible as a then-existing physical condition under FRE 803(3).

As a result, the two videos are admissible at trial because of applicable hearsay exceptions.

**PLAINTIFF'S MOTION IN LIMINE NUMBER 6—PRECLUDE PLAINTIFF FROM BEING SHACKLED AND WEARING PRISONER CLOTHING AT TRIAL**

During trial, Plaintiff requests that he is not shackled and forced to wear prison clothes at trial in front of the jury as it would deny his right to have a fair trial and violate his Due Process rights.

Shackling is inherently prejudicial without an adequate justification. *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1986).  Shackling is precluded from the guilt and penalty phases of criminal trials.  *Deck v. Missouri*, 544 U.S. 622, 635 (2005).  The reasoning as to why shackling is precluded is because physical restraints may cause jury prejudice, may impair a party's mental faculties, may impede communication between the party and his lawyer, and may detract from the dignity and decorum of judicial proceedings.  *Spain v. Rushen*, 883 F.2d 712, 721 (9th Cir. 1989).  All of these factors apply equally in a civil and criminal suit.

Here, there is no evidence to support Plaintiff being shackled or to wear prisoner clothing at trial.

As such, Plaintiff requests that he is not shackled at trial and not forced to wear prisoner clothing.

Date: August 28, 2019                **THE LAW OFFICE OF KEVIN S. CONLOGUE**

By: ___/S/Kevin S. Conlogue_____
Kevin S. Conlogue
Attorney for Plaintiff, HWA SUNG SIM

# CERTIFICATE OF SERVICE

Case Name: *Sim v. Duran, et al.*

Case No. **1:16-CV-01051-SAB(PC)**

I hereby certify that on August 28, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- PLAINTIFF'S MOTION IN LIMINE

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 28, 2019, at Beverly Hills, California.

/S/Kevin S. Conlogue

Kevin S. Conlogue