# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HWA SUNG SIM,<br><br>        Plaintiff,<br><br>    v.<br><br>MONICA DURAN,<br><br>        Defendant. | Case No. 1:16-cv-01051-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS IN LIMINE<br><br>[ECF Nos. 78, 79] |

Plaintiff Hwa Sung Sim is appearing in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is represented by Kevin Conlogue and Gabriel Avina.

This action is proceeding against Defendant Monica Duran for excessive force in violation of the Eighth Amendment.

The matter is set for jury trial before the undersigned on October 1, 2019, at 8:30 a.m.

On August 28, Plaintiff and Defendant filed motions in limine. (ECF Nos. 78, 79.) Both Plaintiff and Defendant filed oppositions on September 11, 2019. (ECF Nos. 83, 84.)

On September 19, 2019, the Court held a motions in limine hearing, and counsel Kevin Conlogue and Gabriel Avina appeared by telephone on behalf of Plaintiff and David Goodwin appeared in person on behalf of Defendant.

///

///

1

# I.

# LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

# II.

# MOTIONS IN LIMINE

**A.    Plaintiff's Motions in Limine**

Plaintiff seeks to exclude: (1) his prior convictions and parole violation; (2) evidence of any rule violations during his incarceration; (3) evidence that Defendant Duran was or was not disciplined from the incident; and (4) Defendant's expert Lieutenant Prentice from offering opinions.

Plaintiff also seeks to introduce the video interview of himself by the CDCR, and request that he not be shackled or wear prisoner clothing at trial.

///

///

1. Prior Convictions and Parole Violation

Plaintiff moves to exclude any evidence related to his November 25, 2009 DUI conviction, his August 23, 2010 possession of a deadly weapon conviction, his June 22, 2011 armed robbery conviction, and his December 2018 parole violation. Plaintiff contends that this evidence is improper because the convictions are not relevant to his excessive force claim under the Eighth Amendment, and are too remove in time, are not relevant for truthfulness, and are highly prejudicial.

Defendant submits that she does not intend to offer evidence regarding the DUI conviction, possession of a deadly weapon conviction, or the parole violation, unless Plaintiff first raises that criminal history and then mispresents that criminal history. Defendant argues that if Plaintiff misrepresents his criminal history, then Plaintiff should be able to inquire about it on cross-examination because it will be probative of Plaintiff's truthfulness. Fed. R. Civ. P. 608(b)(1). However, Defendant argues that Plaintiff's felony conviction for armed robbery is admissible impeachment evidence because the conviction is less than ten years old and is relevant to Plaintiff's credibility.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement from it, whichever is later. Fed. R. Evid. 609(b).

**Ruling:** Plaintiff's motion is granted in part and denied in part. Plaintiff's motion to exclude the DUI conviction, possession of a deadly weapon conviction, and parole violation is granted as conceded by Defendant. However, Plaintiff's motion to exclude evidence of his 2011 armed robbery conviction is denied as it is relevant Plaintiff's credibility. Fed. R. Evid. 609(a)(1)(A). However, Defendant is limited to referencing that Plaintiff has been convicted of a felony and served a prison sentence. Defendant may not inquire as to the details of the conviction. In addition, any reference to all prior convictions is limited to impeachment if Plaintiff testifies to the contrary. Pursuant to Rule 609(a)(1)(A), Plaintiff's felony conviction for armed robbery is admissible to impeach his credibility.

///

## 2    Evidence of Rules Violations During Incarceration

Plaintiff seeks to exclude evidence of his prison disciplinary history.

Defendant submits that she will not introduce evidence of Plaintiff's prison disciplinary history unless Plaintiff misrepresents his conduct in prison.

**Ruling:** Plaintiff's motion to exclude evidence of his prior disciplinary history is granted.

## Evidence That Defendant Duran Was Or Was Not Disciplined

Plaintiff seeks to exclude any discipline, or lack thereof, of Defendant Duran as prejudicial under Federal Rule of Evidence 403.

Defendant submits that he does not currently intend to introduce this subject into evidence, unless evidence is submitted by Plaintiff regarding any post-incident investigative documents and reports.

**Ruling:** Plaintiff's motion is granted, without prejudice.

## 2.    Opinions By Defendant Expert Lieutenant Prentice

Plaintiff seeks to exclude Defendant Duran's use-of-force expert, Correctional Lieutenant Jeremy Prentice, from testifying at trial because he was disclosed as a non-retained expert. Plaintiff argues that Prentice is an employee of the CDCR and has never testified as an expert before. Further, Prentice has no independent knowledge of the facts surrounding the subject incident and he has never worked at Wasco State Prison. Therefore, Plaintiff argues his opinions are based on speculation and conjecture.

Plaintiff specifically objects to Prentice opining that "[i]t is entirely possible that Duran's 40mm round missed its intended target, ricocheted, and some part of it unintendedly struck Sim." Because Defendant Duran testified at her deposition that she did not see the 40mm round ricochet, and all reports regarding the incident do not have a witness to the incident seeing a ricochet bulled, there is no fact or evidence for Prentice to formulate the opinion that there was a ricochet here. Plaintiff also objects to Prentice's opinion that "[t]he fact that Sim may have received a heard injury during the incident does not necessarily mean that Officer Duran was aiming at his head[,] and that Duran "did not intentionally use any force." Lastly, Plaintiff objects that Prentice improperly opines that Duran's use of force was not excessive.

1         Defendant initially argues that Plaintiff's motion should be denied because he failed to meaningfully and genuinely meet and confer regarding Prentice's opinions. Plaintiff sent Defendant a letter indicating Prentice's noticed deposition was cancelled, and he intended to "preclude Lt. Prentice form offering any testimony or opinions at trial as he does not qualify as a non-retained expert as all facts relied upon him to render his opinions are not based upon his personal knowledge but instead were supplied to him." (Good Decl. Ex. C, ECF No. 84-1.) Defendant further argues that Prentice was timely disclosed as a non-retained expert. (Goodwin Decl. ¶ 3.) Prentice is not being paid for his expertise other than his normal state salary. (Goodwin Decl. Ex. A.) Prentice prepared and timely supplied a written report that satisfied all of the requirements under Rule 26(a)(2)(B). Defendant argues that Plaintiff's dispute distills merely to whether Prentice is appropriately classified as retained or non-retained.

        Federal Rule of Civil Procedure 26 requires parties to disclose the identify of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). For each "retained" expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). Disclosure of a "non-retained" expert must state: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is excepted to testify. Fed. R. Civ. P. 26(a)(2)(C).

        Under Federal Rule of Evidence 702, an expert may testify if, among other things, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Trial judges are charged with the responsibility of acting as "gatekeepers" to ensure that an expert's testimony both rests on a reliable

foundation and is relevant to the task at hand. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993).

"However, an expert witness cannot give an opinion as to his/her legal conclusion, i.e., an opinion on an ultimate issue of law." Elsayed Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002), overruled on other grounds in Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 467 (9th Cir. 2014).

**Ruling:** Plaintiff's motion is denied, without prejudice. The evidence sought to be excluded in this instance is not accurately and efficiently evaluated in a motion in limine and it is necessary to defer ruling until during trial. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). The Court will determine the admissibility of Lieutenant Prentice's expert testimony during trial and such testimony will be evaluated under the applicable rules of law. Prentice may not opine as to whether the officer Duran used "excessive force," or whether her use of force was "unreasonable under the circumstances," as those are legal conclusions. However, Prentice may opine as to whether Duran complied with applicable procedures during the incident.

### B. Admission Of Video Recorded Interviews Of Plaintiff By CDCR

Plaintiff seeks to admit two video recorded interviews taken by non-party CDCR custody staff. The first interview was conducted after Plaintiff returned from the hospital on the day of the injury, August 31, 2014, and the second interview conducted on November 13, 2014, in connection with Plaintiff's administrative grievance. Plaintiff argues that the video recordings are admissible under Federal Rule of Evidence 803(b) as a business record, under Rule 803(b) as a statement made for treatment, and under Rule 803(3) as a then-existing mental, emotional, or physical condition. Plaintiff specifically argues that the CDCR interviews victims of use of force incidents during the regular course of business and regular practice by recording victims, and a watch commander and others with knowledge of the force assist with the recording videos. Further, both videos are statements made for medical treatment.

Defendant argues that the video recordings are inadmissible hearsay and Plaintiff fails to identify for what purpose he intends to offer the videos at trial. Defendant further argues that the business record does not apply because Plaintiff is a prisoner not an employee of CDCR. Thus,

6

Plaintiff was not under any business obligation or duty to provide the statements in the recordings. Moreover, the second video interview was conducted solely in response to his administrative grievance. Defendant also argues that Plaintiff's statements in the video recordings do not fall within the medical diagnosis and treatment exception because they were not made to medical providers for diagnosis or treatment. The statements in the first video recorded interviews were made to prison custody staff as a result of Plaintiff sustaining a head injury after staff used force. The statements in the second video recording were made to prison custody staff as part of an interview relating to Plaintiff's administrative grievance. In addition, the hearsay exception does not apply because incident at issue in this case occurred at approximately 10:04 a.m. on August 31, 2014. The first video interview was recorded at approximately 4:54 p.m. on that day. Thus, nearly seven hours passed between the incident and Plaintiff's recorded statements, and was not contemporaneous. Also, the second video interview was recorded on November 14, 2014, in regard to Plaintiff's administrative grievance, nearly two and a half months after the incident, and were not contemporaneous. Lastly, Defendant argues the statements in the first video are not of a state of mind or emotional, sensory, or physical condition. In the first recording, the only statement that could potentially fall within the exception is Plaintiff's statement that he "felt an impact on his head." (Goodwin Decl. Ex. F.) However, there is no dispute that Plaintiff suffered a head injury. The second video is too remote from the incident to be considered "then-existing."

**Ruling:** Plaintiff's motion to admit the video recorded interviews is denied as inadmissible hearsay. However, Plaintiff may admit the video for photographic representation only.

### C. Shackles And Prison Attire During Trial

Plaintiff requests to not be shackled and not wear prison attire during trial.

Defendant initially objects on the ground that Plaintiff failed to meet and confer regarding these matters. Defendant further objects to Plaintiff not being non-visibly restrained and argues that civil clothing is not necessary and will create an additional burden on correctional staff.

In Clairborne v. Blauser, __ F.3d __, 2019 WL 3820719, at * 9th Cir. June 28, 2019), the Ninth Circuit held that an inmate may only be visibly shackled during a civil proceeding "when there is an 'individualized security determination' that 'take[s] account of the circumstances of the particular

case." There, a state prisoner moved for a new trial on the ground that he was visibly shackled in violation of his due process right to a fair trial. Clairborne, 2019 WL 3820719, at *4. The Ninth Circuit ruled that the two-part analysis applicable in criminal cases before an inmate may be visibly shackled for a jury trial applies to civil cases involving incarcerated plaintiffs. Id. at *9-10. Therefore, the Court must be persuaded by compelling circumstances that the measure is necessary to maintain security, and the Court must pursue less restrictive alternatives before imposing physical restraints. Id. at *7.

Defendant argues that it is appropriate for Plaintiff to wear restraints around his waist or legs and for the counsel table to be draped so the jury cannot see the restraints underneath. Further, when the jury is excused, of timing permits a break, the inmate may be escorted to and from the witness stand. In the alternative, Defendant requests the opportunity to present additional information so the Court can make an individualized determination regarding Plaintiff's shackling.

With regard to Plaintiff's request to wear civilian clothing, in the Court's experience, the California Department of Corrections and Rehabilitation transports prisoners in cloth jumpsuits, but, taking into consideration safety and security issues, they may wear their civil clothing in the courtroom as is appropriate.

**Ruling:** Plaintiff's motion to wear civilian clothing is granted, and the clothing shall be brought to the Court on the morning of trial and it is subject to inspection and search by the CDCR and U.S. Marshal. However, the Court defers ruling on the request for Plaintiff to appear without restraints, to be briefed and argued on the first day of trial.

D.     **Defendant's Motions in Limine**

Defendant seeks to exclude: (1) evidence regarding dismissed claims against Drs. Patel and Johal; (2) evidence that Defendant Duran violated any section of the California Penal Code; (3) opinion testimony from Plaintiff regarding his own medical records or medical condition; (4) evidence regarding Defendant Duran's involvement, if any, in other lawsuits, claims, or incidents alleging misconduct; (5) evidence that the State may pay the judgment or reimburse Defendant Duran in the event a judgment is entered against her; (6) opinions of Plaintiff's medical witness Dr. Bijan Zardouz;

(7) opinions of use of force expert witness Roger Clark; and (8) expert opinion by Dr. Bijan Zardouz and Roger Clark not provided in their expert reports.

Defendant also seeks to admit evidence that Plaintiff has a felony conviction for armed robbery and a conviction for making a false representation of identity to a peace officer.

### 1. Evidence Regarding Dismissed Claims Against Drs. Patel and Johal

Defendant seeks to exclude any evidence regarding the dismissed claims against Drs. Patel and Johal.

Plaintiff submits that he does not intend to introduce evidence that claims were dismissed against Drs. Patel and Johal.

**Ruling:** Defendant's motion is granted as conceded by Plaintiff. However, if either Dr. Patel or Dr. Johal testify as witnesses at trial, their testimony at deposition and responses to discovery are admissible for impeachment purposes. Fed. R. Civ. P. 801(d)(1)(A) (providing a declarant's prior statement "in a deposition" is not hearsay).

### 2. Evidence That Defendant Duran Violated Any Section Of The California Penal Code

Defendant seeks to exclude any evidence that she violated any section of the California Penal Code. Defendant argues evidence that she committed an assault under color of law pursuant to Penal Code section 149, and criminal assault with a deadly weapon under Penal Code section 245, if there is any, is not relevant to the issue of whether she violated the Eighth Amendment. Fed. R. Evid. 401, 402. Even if it is relevant, Defendant argues its probative value is substantially outweighed by danger of confusing the issue and wasting time. Fed. R. Evid. 403.

Plaintiff argues that California Penal Code sections 149 and 245 are relevant for determining the reasonableness of Defendant's conduct and if Defendant Duran thought her conduct was reasonable or lawful.

**Ruling:** Defendant's motion is granted. This action is proceeding solely on Plaintiff's claim that Defendant Duran used excessive force under the Eighth Amendment. Accordingly, any evidence relating to an alleged violation of the California Penal Code is not relevant, and any probative value is substantially outweighed by danger of confusing the issues and wasting time. Fed. R. Evid. 401, 402, 403.

3. <u>Opinion Testimony From Plaintiff Regarding His Own Medical Records And Condition</u>

Defendant seeks to exclude Plaintiff from testifying regarding his own medical records or medical conditions.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records.

**Ruling:** Defendant's motion is granted. Plaintiff may testify as to what he observed and experienced as a result of the August 31, 2014 incident; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records.

4. <u>Evidence Regarding Defendant Duran's Involvement In Any Other Lawsuits, Claims, Or Incidents Involving Misconduct</u>

Defendant seeks to exclude information regarding her involvement in other lawsuits, claims, or incidents involving misconduct.

Plaintiff argues that Defendant does not identify any incident which he seeks to exclude, and the Court would be speculating at what evidence is being asked to be excluded.

**Ruling:** Defendant's motion is granted, without prejudice, to be revisited at trial, if appropriate.

5. <u>Evidence State May Pay The Judgment Or Reimburse Defendant Duran</u>

Defendant seeks to exclude Plaintiff from presenting or eliciting testimony that Defendant will be indemnified by the State if judgment is rendered against them under Rule 411 of the Federal Rules of Evidence. Defendant submits this evidence is both irrelevant and prejudicial. Jamison v. A.M. Byers Co., 330 F.2d 657, 661-662 (3d Cir. 1964). The evidence is prejudicial because a jury is more

inclined to find a verdict against a defendant if it believes that he is indemnified than would be the case if it were understood that the defendant alone would be required to satisfy the judgment. Langley v. Turner's Express, Inc., 375 F.2d 296, 297 (4th Cir. 1967).

Plaintiff does not oppose Defendant's motion in limine to exclude evidence that the State may pay any judgment rendered against them.

**Ruling:** Defendants' motion in limine is granted, as information regarding whether the State or CDCR would pay a verdict or reimburse Defendant for any compensatory damage award, if any, is not relevant to Plaintiff's claim. Fed. R. Evid. 401.

      6.      Exclusion Of Opinions Of Plaintiff's Medical Expert Witness Doctor Bijan Zardouz

Plaintiff retained Dr. Bijan Zardouz as his expert witness on medical issues. (Goodwin Decl. Exs. A, B.) At summary judgment, Plaintiff used the expert report of Dr. Zardouz in opposition to Dr. Patel and Dr. Johal's motion. Both Dr. Patel and Dr. Johal were granted summary judgment on Plaintiff's medical deliberate indifference claim under the Eighth Amendment.

Defendant argues that any opinion from Dr. Zardouz that these physicians provided inadequate medical care is not relevant to the excessive force claim against Duran. Further, even if it is relevant, its probative value is substantially outweighed by danger of confusing the issues and wasting time. Fed. R. Evid. 403.

Plaintiff argues that Dr. Zardouz is permitted to testify as to Plaintiff's damages caused by Defendant Duran's excessive force of shooting Plaintiff in the head resulting in a traumatic brain injury. Dr. Zardouz has opined, and may do so at trial, that Plaintiff suffered a gunshot wound to the left parietal region of his head with a rubber bullet with subarachnoid hemorrhage in the left frontal lobe of Plaintiff's brain, post concussive syndrome with headaches and dizziness, three episodes of blackout spell/loss of consciousness, anxiety, and bedwetting—all caused by the August 31, 2014 incident. (ECF No. 78-2 at pp. 28-30.) Dr. Zardouz has also recommended that Plaintiff requires psychiatric treatment as it relates to Plaintiff's anxiety, paranoia, and enuresis (bedwetting). (Id. at p. 30.) Dr. Zardouz further opined as to future neurological issues that Plaintiff would have in the future. (Id. at p. 33.) Plaintiff submits that Defendant deposed Dr. Zardouz on August 26, 2019, but does not seek to limit any of the opinions offered by Dr. Zardouz at his deposition.

**Ruling:** Defendant's motion is denied, without prejudice, to renewal at trial, if appropriate, depending upon the testimony by Dr. Zardouz.

    7.    Exclusion Of Opinions of Plaintiff's Use Of Force Expert Witness Roger Clark

Defendant seeks to exclude Plaintiff's use of force expert witness Roger Clark.[1] Defendant argues that throughout his expert report, Clark asserts legal conclusions that certain actions violate the "law" or the Constitution; he opines on medical issues that he is not qualified to address; he makes credibility determinations; he conjectures about Duran's subjective knowledge; and his opinions overall are not helpful for the jury.

Plaintiff argues that Mr. Clark is qualified to testify as an expert on the use of force, including Eighth Amendment claims and his opinions are reliable based upon the materials he reviewed.

**Ruling: Defendant's motion is denied, without prejudice. However, the Court is troubled by the conclusory statements and casual links to the conclusions set forth in Mr. Clark's report. Nonetheless, the Court accepts Plaintiff's counsel representation in Court, at face value, that during the course of the examination he will not elicit improper testimony from Mr. Clark regarding legal conclusions based on disputed facts. However, if the Court questions Mr. Clark's expert reasoning and methodology during trial, the Court will conduct a hearing pursuant to <u>Daubert v. Merrell Dow Pharm. Inc.</u>, 509 U.S. 579, 592-93 (1993), outside the presence of the jury.[2]**

    7.    Exclusion of Expert Opinion by Doctor Bijan Zardouz and Roger Clark Not Provided In Their Expert Reports

Defendant seeks to exclude any expert opinion by Dr. Zardouz and Roger Clark not provided in their expert reports because it was not previously disclosed. Defense counsel deposed Dr. Zardouz on August 16, 2019, and deposed Roger Clark on August 22, 2019. Defendant submits that the course

---

[1] Roger Clark is a Police Procedures Consultant.

[2] In evaluating expert testimony under Federal Rule of Evidence 702, the Court takes on a "gatekeeping role" and makes a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." <u>Daubert</u>, 509 U.S. at 593-93. Thus, the Court must determine that the expert's testimony is both relevant and reliable. <u>Id.</u> at 589.

of those depositions would have been different and additional lines of questioning would have been explored if additional opinions were at issue.

Plaintiff submits that Defendant's motion in limine does not identify any opinion made by either Dr. Zardouz or Mr. Clark at their depositions not contained in their reports that Defendant seeks to exclude. Therefore, Plaintiff cannot properly oppose Defendants' motion.

**Ruling:** Defendant's motion is granted.

### E. Admission of Felony Conviction for Armed Robbery

Defendant seeks to introduce evidence that Plaintiff was convicted of second degree attempted robbery on July 7, 2011, which included an enhancement for being armed with a firearm during the commission of a felony. Defendant does not intend to introduce details of Plaintiff's crime. Rather, Defendant seeks to introduce only the fact of conviction, the statutory name of the offense, the date of conviction, and the sentence imposed.

Plaintiff argues that his conviction for armed robbery has no bearing on Plaintiff's credibility and any probative value is substantially outweighed by prejudice and will mislead the jury.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement from it, which is later. Fed. R. Evid. 609(b). Pursuant to Rule 609(a)(1)(A), Plaintiff's felony conviction for armed robbery is admissible to impeach his credibility.

**Ruling:** Defendant's motion is granted, see *supra* section A(1).

### E. Admission of Plaintiff's Conviction For Making A False Representation Of Identity To A Peace Officer

Defendant seeks to admit evidence of Plaintiff's March 30, 2011, conviction for making a false representation of identify to a peace officer. (Cal. Pen. Code § 148.9.) California Penal Code section 148.9(a) states:

///

13

> Any person who falsely represents or identifies himself or herself as another person or as a fictitious person to any peace officer listed in Section 830.1 or 830.2, or subdivision (a) of Section 830.33, upon a lawful detention or arrest of the person, either to evade the process of the court, or to evade the proper identification of the person by the investigating officer is guilty of a misdemeanor.

Plaintiff argues that the conviction relating to any representation of identity to an officer is irrelevant, highly prejudicial, and has no bearing on credibility.

Federal Rule of Evidence 608 allows examination of a witness's specific instances of conduct "to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." Fed. R. Evid. 608(b). Rule 609(a)(2) allows admission of a criminal conviction for a dishonest act or false statement.

**Ruling:** Defendant's motion is granted, and she may introduce evidence of Plaintiff's conviction for making a false representation of identity to a peace officer. Fed. R. Evid. 609(a)(2).

IT IS SO ORDERED.

Dated: **September 20, 2019**

UNITED STATES MAGISTRATE JUDGE