UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HWA SUNG SIM, <br><br> Plaintiff, <br><br> v. <br><br> MONICA DURAN, <br><br> Defendant. | Case No. 1:16-cv-01051-SAB (PC) <br><br> ORDER REGARDING BILL OF COSTS SUBMITTED BY DEFENDANT <br><br> [ECF No. 120] |

Plaintiff Hwa Sung Sim is appearing in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is the bill of costs filed by Defendant on October 11, 2019.

**I.**

**BACKGROUND**

This action proceeded to jury trial on October 1, 2019, and judgment was rendered in favor of Defendant Monica Duran and against Plaintiff Hwa Sung Sim on October 4, 2019.

As previously stated, on October 11, 2019, Defendant submitted a bill of costs.

On October 17, 2019, Plaintiff filed objections to the bill of costs, and Defendant filed a reply on October 18, 2019.

///

///

1

# II.

# LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "unless . . . a court order provides otherwise, costs -- other than attorney's fees --should be allowed to the prevailing party." The Local Rules of the Eastern District of California state that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920." L.R. 292(a); see also Grove v. Wells Fargo Financial California, Inc., 606 F.3d 557, 579 (9th Cir. 2010) (the full extent of the court's power to shift litigation costs is defined by section 1920, absent express statutory authority). Under 28 U.S.C. § 1920 the Court may tax costs for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000); see also In re Paoli R.R. Yard PCB Litigation (In re Paoli), 221 F.3d 449, 458 (3d Cir. 2000) (the phrase " 'unless the court otherwise directs' makes the allowance of costs discretionary"). To overcome this presumption and deny a party costs, the district court must provide an explanation and the losing party bears the burden of demonstrating that an award of costs would be unequitable under the circumstances. In re Paoli, 221 F.3d at 462-63; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("losing party must show why costs should not be awarded"). The district court may apportion costs between the winning and losing parties, including apportioning costs between multiple plaintiffs or defendants on the same side. In re Paoli, 221 F.3d at 469.

///

# III.

# DISCUSSION

Defendant seeks to recover $4,634.66 in costs. Plaintiff objects only to the $130.00 fees for service of summons and subpoena. Plaintiff argues "there is no indication that $130.00 was in fact incurred by the defense in this matter based upon the documents submitted" and "Defendant did not serve any summons, and any subpoenas for expert depositions were agreed to and received electronically by Plaintiff's counsel." Defendant responds that the reduced cost of personal service of the deposition subpoenas on Plaintiff's expert witnesses is appropriate. The Court agrees with Defendant.

Defendant submits evidence that a deposition subpoena was personally served at Dr. Zardouz's office on August 1, 2019, at approximately 10:39 a.m. (Goodwin Decl. ¶ 3, Ex. A, ECF No. 122.) The cost of personal serve to the Attorney General's Office was $107.50. (Bill of Costs at p. 11, ECF No. 120.) A deposition subpoena was also personally served at the residence of Roger Clark on August 1, 2019, at approximately 8:25 p.m. (Goodwin Decl. ¶ 4, Ex. B.) The cost of personal service to the Attorney General's Office was $137.50. (Bill of Costs at p. 12.)

Pursuant to Local Rule 292(f)(2), a party may recover "fees for service by a person other than the Marshal under Fed. R. Civ. P. 4 to the extent they do not exceed the amount allowable for the same service by the Marshal." Currently, the United States Marshal charges $65 per hour for personal service plus travel costs. 28 C.F.R. § 0.114(a)(3). Here, the total cost for the two deposition subpoenas to Mr. Clark and Dr. Zardouz totaled $245.00. (Bill of Costs at pp. 11-12.) Because the amount exceeded the amount that the Marshal would have charged, Defendant reduced the cost to the Marshal's rate, which totaled $130.00 ($65.00 per hour). Therefore, the $130.00 for fees for service of summons and subpoena were appropriately included in the bill of costs, and Plaintiff's objection is overruled.

///
///
///
///

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that costs are taxed in the amount of $4,634.66 against Plaintiff Hwa Sung Sim.

IT IS SO ORDERED.

Dated: **October 23, 2019**

UNITED STATES MAGISTRATE JUDGE